UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **DANNY E. COHN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4229** |
| **TRANSOCEAN OFFSHORE, USA, INC., ET AL** | **SECTION: "S" (3)** |


ORDER AND REASONS

The Motion to Remand (Doc. #7) filed on behalf of the plaintiff Danny E. Conn is **GRANTED.**

BACKGROUND

Plaintiff alleges that on July 25, 2007, he was injured while preparing to unload cargo aboard the vessel DISCOVERER SPIRIT. Plaintiff filed suit in state court under the Jones Act and general maritime law, and alleged the unseaworthiness of the DISCOVERER SPIRIT. Plaintiff named as defendants Transocean Offshore USA, Inc., and FMC Technologies, Inc. Plaintiff alleged in his state court petition that Transocean Offshore USA was his employer.

On August 19, 2008, Transocean Offshore USA removed the action to this court, alleging diversity jurisdiction. Transocean Offshore USA argues that the Jones Act claim was fraudulently pleaded because it was not plaintiff's employer, and did not own or operate the DISCOVERER

SPIRIT. In support, Transocean Offshore USA attaches an affidavit from William Pearce, III, an associate general counsel for Transocean Offshore Deepwater.

Plaintiff contends that his petition sufficiently alleges a Jones Act claim because he alleges that he was a seaman assigned to the vessel, DISCOVERER SPIRIT, and that he was injured in the course and scope of his employment with Transocean Offshore USA while aboard its vessel. Further, plaintiff argues that after the matter was removed, plaintiff learned that Transocean Deepwater, Inc., a wholly owned or related company of Transocean Offshore USA, could be his employer.

On November 12, 2008, the court granted leave to plaintiff to file his first amended and supplemental complaint, naming as defendant Transocean Deepwater, Inc. Plaintiff alleges in his amended and supplemental complaint that he was employed by Transocean Offshore USA and/or Transocean Deepwater.

## ANALYSIS

**1. Legal Standard**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[1] In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and that recognition that federal courts are counts of limited jurisdiction, that removal statutes should be strictly construed.[2] Doubts regarding

---

[1] *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

[2] *See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

2

whether federal jurisdiction is proper should be resolved against federal jurisdiction.[3]

"It is axiomatic the Jones Act suits may not be removed from state court because 46 U.S.C. §688 (the Jones Act) incorporates the general provisions of the Federal Employers' Liability Act, including 28 U.S.C. §1445 (a), which in turn bars removal."[4] An exception to this general rule occurs where a defendant can show that the Jones Act has been fraudulently pleaded to prevent removal.[5] The determination whether a Jones Act claim has been alleged is generally limited to a review of the plaintiff's pleadings.[6] However, a defendant may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal.[7] "The court must resolve all disputed questions of fact from the pleadings and affidavits in favor of the plaintiff, and then determine whether there could possibly be a valid claim against the defendant in question."[8]

## 2. Motion to Remand

Transocean Offshore, USA attempts to prove fraudulent joinder of the Jones Act claim through an affidavit from an employee of Transocean Deepwater, which plaintiff has added in his first amended and supplemental complaint as a defendant and possible employer in his Jones Act claim. While Transocean Offshore, USA contends that the affidavit establishes that it did not

---

[3] *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

[4] *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 206 (5th Cir. 1993).

[5] *See Lackey*, 990 F.2d at 207.

[6] *Lackey*, 990 F.2d at 202.

[7] *Burchett v. Cargill, Inc.*, 48 F.3d 173 (5th Cir. 1995).

[8] *Lackey,* 990 F.3d at 208.

employ plaintiff nor own or operate the vessel, Transocean Offshore does not establish that plaintiff's purpose naming Transocean Offshore was an attempt to prevent removal. Rather, it appears from the documents before the court that plaintiff's naming of Transocean Offshore as defendant was an attempt to name plaintiff's employer, and the owner/operator of the vessel for his Jones Act claim. Plaintiff has identified Transocean Offshore USA and/or Transocean Deepwater as his employer. Further, plaintiff's status as a Jones Act seaman is not in dispute.

Considering defendant's high burden to prove fraudulent joinder, and that on a motion to remand the court must resolve all disputed questions of fact from the pleadings and affidavits in favor of the plaintiff, the defendant has failed to convince to the court that the Jones Act claim against Transocean Offshore was included in the state court petition to prevent removal.

The motion to remand is **GRANTED.**

New Orleans, Louisiana, this 19th day of December, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**